UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOTHAM CLEANERS, INC., CORY PERLSON and BRIANNA PERLSON,

                  Plaintiffs,

-against-

DEPENDANCE PLATINUM FL LLC,

                  Defendant.

Civ. No.:_____

---

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION

 

**JACOBS P.C.**
717 Fifth Avenue
17th Floor
New York, New York 10022
(212) 229-0476
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... 3
PRELIMINARY STATEMENT.............................................................................................. 4
STATEMENT OF FACTS ....................................................................................................... 5
ARGUMENT ............................................................................................................................. 5
I.    A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION IS CLEARLY WARRANTED TO ENJOIN THE DEFENDANTS ........................................................ 5
    A.    Plaintiffs Can Demonstrate a Likelihood of Success on the Merits ........................................................ 6
    B.    Plaintiffs Can Demonstrate Irreparable Harm ................................................................................ 10
    C.    The Balancing of the Equities Tilts in Favor of Plaintiff ................................................................ 12
CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Advent Software, Inc. v. SEI Global Services, Inc.*, 195 A.D.3d 498 (1st Dep't 2021) .................. 7

*Crystal Springs Capital v. Big Thicket Coin, LLC*, 220 A.D.3d 745 (2d Dep't 2023) ................... 4

*David v. Richmond Capital Group, LLC,* 194 A.D.3d 516 (1st Dep't 2021) ................................ 5

*Dong-Pyo Yang v. 75 Rockefeller Cafe Corp.*, 50 A.D.3d 320 (1st Dep't 2008) ........................... 2

*Four Times Square Assocs, L.L.C. v. Cigna Investments, Inc.*, 306 A.D.2d 4 (1st Dep't 2003) .... 3

*Laro Maintenance Corp. v. Culkin*, 255 A.D.2d 560 (2d Dep't 1998) ........................................... 7

*LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 181 A.D.3d 664 (2d Dept. 2020) ...... 5

*Nassau Soda Fountain Equipment Corp. v. Mason*, 118 A.D.2d 764  (2d Dep't 1986) ................. 6

*P.M.W.A. Hair Stylist Inc. v. Wood*, 2022 WL 4295875 (New York Co. Sept. 16, 2022) ............. 6

*People by James v. Richmond Capital Group LLC*, 2023 WL 6053768 (N.Y. Cty. 2023) ............ 4

*Unique Laundry Corp.v. Hudson Park NY LLC*, 55 A.D.3d 382 (1st Dep't 2008) ........................ 3

Plaintiffs Gotham Cleaners, Inc. ("Gotham"), Cory Perlson and Brianna Perlson (together, "Plaintiffs"), by their undersigned attorneys, Jacobs P.C., respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order and preliminary injunction against Defendant Dependance Platinum FL LLC ("Defendant" or "Dependance"). For the reasons set forth below, Plaintiffs' motion should be granted in its entirety.

## PRELIMINARY STATEMENT

Plaintiffs hereby move by Order to Show Cause seeking a temporary restraining order and preliminary injunction to prevent Defendant from continuing enforce a patently criminally usurious and void loan masquerading as a merchant cash advance agreement. Absent the Court's immediate intervention, Gotham will miss payroll for approximately 80 employees. As explained below, Plaintiffs' detailed submissions satisfy the three-prong test for the imposition of injunctive relief, directing Defendant to withdraw all of its UCC lien letters and declaring that the letters need not be honored at this time, as well as a general injunction against any further attempts by Defendant to issue any more UCC lien letters during the pendency of this action.

*First*, as set forth in the accompanying Declaration of Plaintiff Cory Perlson and the Verified Complaint attached thereto, Plaintiffs are likely to succeed on the merits in this action. In that regard, Plaintiffs are likely to succeed on their claims for a declaratory judgment that the purported merchant cash advance agreement is void under usury law and public policy considerations, as the contract carries an interest rate in the shocking amount of over ***750 percent per annum*** on its face. *See* Complaint ¶¶ 13-38. Accordingly, Plaintiffs have demonstrated a likelihood of success on the merits.

*Second*, Plaintiffs have been and will be irreparably harmed absent injunctive relief. It is well-established that the loss of goodwill of a viable, ongoing business, including the loss of

4

customers, constitutes irreparable injury sufficient for the issuance of a preliminary injunction. Here, the Complaint details that Defendant – without filing a lawsuit – has sent attornment letters to Gotham's customers mandating that they pay Defendant directly. Because the purported merchant cash agreement is really a criminally usurious loan, absent injunctive relief Gotham's long-standing relationships with its customer will be forever ruined. Accordingly, Plaintiffs have demonstrated irreparable injury absent injunctive relief.

*Third*, the balance of the equities tilts decidedly in favor of Plaintiffs. As set forth in the Verified Complaint, Defendant's unlawful actions present a clear danger to the viability of Plaintiffs' business and that will not be remedied without injunctive relief. Injunctive relief is necessary to preserve the value and viability of Gotham, a world-class dry-cleaning company that services some of the most famous hotels in Manhattan. Gotham will not be able to meet its payroll obligations absent injunctive relief. This type of abject predatory lending is precisely the type of harm where Courts must protect vulnerable small businesses from loan sharks such as Dependance.

## STATEMENT OF FACTS

For the sake of brevity, the facts relevant to this motion are set forth in the accompanying Declaration of Cory Perlson and the Verified Complaint attached thereto, which are hereby incorporated herein by reference.

## ARGUMENT

**I.   A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION IS CLEARLY WARRANTED TO ENJOIN THE DEFENDANTS**

Rule 65(b) of the Federal Rule of Civil Procedure authorizes a Court to issue a temporary restraining order. The standard for granting a TRO is the same as those governing preliminary injunctions. *See, e.g., Dispensing Grp. B.V. v. Antheuser-Busch, Inc.*, 740 F.Supp.2d 465, 471 (S.D.N.Y. 2010).

A party is entitled to a temporary restraining order in this District if that party demonstrates:

5

(1) irreparable harm in the absence of the injunction, (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008).  "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (ellipsis in original).

As set forth below, Plaintiffs meet these standards.

### A.     Plaintiffs Can Demonstrate a Likelihood of Success on the Merits

Plaintiffs' well-pleaded Verified Complaint, along with his accompanying affirmation, demonstrate that Plaintiffs are likely to succeed on the merits in this action.  Indeed, Defendant's actions have all but destroyed and put a stranglehold on Gotham's business, which will not be able to meet its payroll obligations absent immediate relief from this Honorable Court.

It is well-established that Plaintiffs need not conclusively demonstrate a likelihood of success on the merits of their claims, as injunctive relief is permissible even in the face of disputed facts and inconclusive evidence.  *See, e.g., 725 Eatery Corp. v. City of N.Y.*, 408 F.Supp.3d 424, 459 (S.D.N.Y. 2019) ("Plaintiffs need not demonstrate a likelihood of success on the merits of every claim – rather, they need only 'show a likelihood of success on the merits on at least one of [their] claims.'").  *See also, Four Times Square Assocs, L.L.C. v. Cigna Investments, Inc.*, 306 A.D.2d 4, 5 (1st Dep't 2003) ("It is well settled that a likelihood of success on the merits may be sufficiently established even where the facts are in dispute and the evidence is inconclusive.").

Rather, Plaintiffs need only to set forth a prima facie case to satisfy this element. *See, e.g., Unique Laundry Corp. v. Hudson Park NY LLC*, 55 A.D.3d 382, 383 (1st Dep't 2008) ("plaintiff has made a prima facie case of its claims sufficient for a preliminary injunction"). Here, Plaintiff can easily demonstrate a likelihood of success on the merits of his claims.

Plaintiffs are likely to succeed on their claim that the purported merchant cash advance agreement (the "MCA") is void as a criminally usurious loan and unconscionable. In New York, loans that call for interest in an amount in excess of 16 percent per annum is civilly usurious (General Obligations Law Section 5-501(1) and Banking Law Section 14-a(1), and loans that call for interest in an amount in excess of 25 percent per annum is criminally usurious pursuant to New York Penal Law Section 190.40.

The Court of Appeals has recently held that usurious loans are void and completely invalid, entitling the borrower to keep the principal and not pay any interest given the public policy grounds of preventing predatory lending. *See, e.g.*, *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.2d 320, 33 (2021) ("Thus, loans proven to violate the criminal usury statute are subject to the same consequence as any other usurious loans: completely invalidity of the loan instrument.").

In that regard, merchant cash advances purportedly for the purpose of a funder purchasing future receivables are highly scrutinized because if the transaction is in reality a loan, the funder will receive interest in an amount well beyond the 25 percent per annum threshold for criminal usury. Indeed, in an action filed by the Attorney General of the State of New York, this Court has recently held merchant cash advances agreements that use certain predatory tactics are criminally usurious and unconscionable. *See, e.g.*, *People by James v. Richmond Capital Group LLC*, 2023 WL 6053768 (Sup. Ct. N.Y. Cty. 2023).

The critical factor in determining whether a merchant cash advance agreement is really a loan is whether the right for the funder to collect is absolute. *See, e.g.*, *Crystal Springs Capital v.*

7

*Big Thicket Coin, LLC*, 220 A.D.3d 745, 747 (2d Dep't 2023) ("the Big Thicket defendants were obligated to authorize the plaintiff to automatically debit $4,000 from their bank account each business day, the plaintiff was 'under no obligation' to reconcile the payments to a percentage amount of the Thicket defendants' sales rather than the fixed daily amount, and the plaintiff was entitled to collect the full uncollected purchase amount plus all fees due under the agreement in the event of the Big Thicket defendants' default by changing their payment processing arrangements or declaring bankruptcy. Together, these terms established that the agreement was a loan, pursuant to which repayment was absolute, rather than a purchase of future receipts under which repayment was contingent upon the Big Thicket defendants' actual sales").

This is because under a traditional merchant cash advance, repayment is based on a company's receivables, which may fluctuate and if the business fails, then the funder does not receive any more money.

Here, it is indisputable that repayment of the MCA at issue was absolute. Section 15 of the MCA provides that if one payment (or non-monetary default) occurs, Dependance can increase the daily payment to 100% and accelerate the amount due, plus an arbitrary "collection fee" in the amount of 33.33% of the unpaid balance. In other words, one missed daily payment (with no cure period) entitles Dependance to absolute repayment in full. This is the hallmark of a high-interest predatory loan.

Further, Section 30(a) of the MCA requires that the guarantors (Plaintiff Cory Perlson and Brianna Perlson) are also jointly severally liable for the full balance, "irrevocably, absolutely and unconditionally" by requiring that they be liable for any breach of the MCA by Gotham.

While the MCA contains a reconciliation provision, it is a sham. This is because, on or about November 18, 2025, Plaintiffs told Dependance's principal that it was having issues with its receivables and requested reconciliation. That request resulted in an onerous, non-negotiable

8

forbearance agreement sent by Dependance. *See* Perlson Declaration, Ex. C. These terms lead to only one conclusion: that the MCA is really a criminally usurious loan and void. *See, e.g.*, *David v. Richmond Capital Group, LLC,* 194 A.D.3d 516, 517 (1st Dep't 2021) ("Plaintiffs also allege sufficiently that the subject agreements were loans subject to usury laws, to wit, the discretionary nature of the reconciliation provisions, the allegations that defendants refused to permit reconciliation, the selection of daily payment rates that did not appear to represent a good faith estimate of receivables, provisions making rejection of an automated debit on two or three occasions without prior notice an event of default entitling defendants to immediate repayment of the full uncollected purchased amount, and provisions authorizing defendants to collect on the personal guaranty in the event of plaintiff business's inability to pay or bankruptcy (*see LG Funding, LLC v. United Senior Props. of Olathe, LLC,* 181 A.D.3d 664, 665–666, 122 N.Y.S.3d 309 [2d Dept. 2020]). If the agreements are found to be loans, criminal usury will be a defense to their enforcement, rendering them void (*see* General Obligations Law § 5–521[3]").

Moreover, as set forth in detail in the Verified Complaint, the purported merchant cash advance agreement carries an interest rate at the shocking amount 750 percent per annum, rendering the agreement void under the criminal usury laws and public policy. *See* Complaint ¶¶ 13-38. Indeed, the MCA requires **daily payments** of $4,990.51 on an advance of $245,000, meaning that every month 149,715.30 was due from Gotham, 60 percent of the amount advanced in just one month. Nothing could be more draconian. This MCA has all the hallmarks of a predatory lender seeking to manufacture a default and wipe out a small business.

This District has recently temporarily and preliminarily enjoined MCA funders from issuing UCC lien letters and otherwise enforcing agreements alleged to be criminally usurious. *See, e.g., Division 5, LLC v. Fora Financial Advance, LLC*, 2024 WL 4663042, at *6 (S.D.N.Y. Nov. 4, 2024) (issuing TRO and preliminary injunction because "Allowing Division 5 to use the

criminal usury law to void Fora's UCC liens fits well with this statutory scheme. Division 5 has not sought to invalidate the underlying MCA agreement or to recover already-paid interest. Rather, it wants to protect itself from future efforts to collect an illegal debt through the statutory mechanism of UCC lien letters. While, strictly speaking, a UCC lien is not a legal action, it accomplishes the same end while allowing the issuer to bypass the courts. To condone such practices would create the very kind of loophole that the New York legislature sought to eliminate."); *Inventory Generation Inc. v. Proventure Cap. Funding LLC*, No. 22-CV-10529, 2023 WL 2609344, at *5-6 (S.D.N.Y. Mar. 23, 2023) (granting a preliminary injunction where plaintiff challenged an MCA agreement as "criminally usurious, fraudulently induced, unconscionable, and illegal"); *Stellar Beach Rentals, LLC v. Redstone Advance, Inc.*, No. 23-CV-955, 2023 WL 4421809, at *1 (S.D.N.Y. July 8, 2023) (granting a preliminary injunction where "[t]he gravamen of the allegations in Plaintiffs' complaint is that Defendants offer MCA contracts that are ... effectively usurious loans"); *PrecisionWorks MFG, LLC v. Union Funding Source, Inc.*, No. 22-CV-8290, 2022 WL 16857360 (S.D.N.Y. Oct. 25, 2022) ECF No. 29 (granting a TRO based on similar allegations).

Because the MCA Agreement is void, the UCC lien letters are void as well. *See, e.g., In re McCorhill Pub., Inc.*, 86 B.R. 783, 794-95 (Bankr. S.D.N.Y. 1988) ("As to SFC's loan, this court has determined that this loan is usurious. Therefore, the loan and its supporting documents, including the SFC security agreement with the debtor which grants to SFC a security interest in the debtor's equipment, accounts receivable, inventory and personalty, are void and without effect. GNYSB was never entitled to file a UCC-1 as to the debtor's inventory.").

Accordingly, Plaintiffs have demonstrated a likelihood of success on the merits.

    **B.**    **Plaintiffs Can Demonstrate Irreparable Harm**

As explained more fully below, Plaintiffs have been and will be irreparably harmed absent

injunctive relief.

It is well-established that the issuance of UCC letters, threatening the ability of a business to meet its payroll obligations constitutes irreparable injury sufficient for the issuance of a preliminary injunction. Indeed, this Court has expressly held this in the exact scenario as is the case here. *See, e.g.*, *Haymount Urgent Care PC v. GoFund Advance, LLC*, 2022 WL 836743, at *3 (S.D.N.Y. Mar. 21, 2022) ("Haymount has amply demonstrated that it would suffer irreparable harm absent a preliminary injunction. The papers establish that defendants' issuance of UCC lien letters has frozen its bank and health insurance accounts, effectively locking up the urgent care center's finances. If the urgent care center is unable to collect insurance reimbursements, and thus cannot make payroll or purchase medical supplies, there is a material risk of the business's collapse. That would constitute an irreparable harm for which later payment of money damages would be inadequate.").

Other courts have held that the loss of goodwill of customers constitutes irreparable injury for injunctive relief. *See also P.M.W.A. Hair Stylist Inc. v. Wood*, 2022 WL 4295875, at *3 (Sup. Ct., New York Co. Sept. 16, 2022) (holding irreparable harm was demonstrated because a party's conduct "may jeopardize defendant Wood's license as owner/operator of the barbershop"); *Nassau Soda Fountain Equipment Corp. v. Mason*, 118 A.D.2d 764, 765 (2d Dep't 1986) (holding that a party was irreparably injured where defendants might significantly diminish the amount of business conducted by plaintiff by loss of customer base).

It is undeniable that Defendant has sent UCC letters to Gotham's customers directing them to Dependance directly without a lawsuit even being filed for their self-serving, manufactured default. *See* Verified Complaint and accompanying Perlson Declaration. If the UCC letters are not voided, Gotham will lose its long-standing relationships with its customers and not be able to fulfil its payroll obligations.

11

Moreover, injunctive relief is warranted to prevent the diminution of the value of Gotham's business. This is an additional reason why injunctive relief is warranted.

### C. The Balancing of the Equities Tilts in Favor of Plaintiff

As shown below, the equities decidedly tilt in favor of Plaintiffs.

It is well-settled that the equities tilt in favor of granting preliminary injunctive relief when the failure to grant such relief would cause greater injury to the movant than the imposition of the injunction would cause the non-movant. *See, e.g., Laro Maintenance Corp. v. Culkin*, 255 A.D.2d 560, 561 (2d Dep't 1998).

Moreover, Courts in this Circuit have granted injunctive relief against MCA companies in other actions involving similar facts. *See, e.g.*, *Stellar Beach Rentals, LLC et al. v. Redstone Advance, Inc. et al*, 1:23-cv-00955-VSB, at ECF Doc. 8 (S.D.N.Y. 2023) ("I find, based on the declaration of John Kozak and the papers submitted in support of a temporary restraining order and order to show cause, that irreparable injury will result because the levies, writs of attachment, or comparable restrictions placed on his accounts will lead to the collapse of his business. (Doc. 5-2 ¶¶ 11, 15.). Courts in this District, presented with similar circumstances, have granted temporary restraining orders similar in scope to this one. Additionally, I find, based on the declaration of Jonathan E. Neuman, that time is of the essence and there is not sufficient time to provide notice to Defendants, given the urgent nature of the relief sought."); *Christine D. Collins, PC et al. v. MCA Receivables, LLC*, No. 23-cv-00353-AT at Docket Doc. No. 7 (S.D.N.Y. Jan. 18. 2023); *Inventory Generation Inc. et al v. Silverline Services Inc. et al*, No. 22-cv-10529-PAE at Docket Doc. No. 29 (S.D.N.Y. Jan. 9, 2023*); Haymount Urgent Care Pc v. Gofund Advance*, No. 22-cv-1245 (JSR), 2022 WL 836743 (S.D.N.Y. Mar. 21, 2022).

Here, Plaintiffs have been and will continue to be irreparably harmed absent a temporary restraining order and preliminary injunction. Defendant's unlawful actions present a clear danger

to the viability of Plaintiffs' business that will not be remedied without injunctive relief. Indeed, these are the precise circumstances in which courts enjoin parties.

Therefore, the balance of the equities tilts in favor of Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that their motion for a temporary restraining order and preliminary injunction be granted in its entirety.

Dated: New York, New York
December 4, 2025

**JACOBS P.C.**

By: /s/ Adam Sherman
Adam Sherman, Esq.
717 Fifth Avenue
17th Floor
New York, New York 10022
(212) 229-0476
*Attorneys for Plaintiffs*